IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| American Whitewater; American Canoe Association; Georgia Canoeing Association; Atlanta Whitewater Club; Foothills Paddling Club; Western Carolina Paddlers; Joseph C. Stubbs; Kenneth L. Strickland; and Bruce A. Hare,<br><br>      Plaintiffs,<br><br>    v.<br><br>Thomas Tidwell, in his official capacity as Chief of the United States Forest Service; the United States Forest Service, an agency of the United States Department of Agriculture; Elizabeth Agpaoa, Regional Forester, Southern Region, United States Forest Service; Monica J. Schwalbach, Acting Forest Supervisor, Francis Marion and Sumter National Forests; Marisue Hilliard, Forest Supervisor, National Forests in North Carolina; George M. Bain, Forest Supervisor, Chattahoochee-Oconee National Forests; Thomas Vilsack, in his official capacity as Secretary of the United States Department of Agriculture; and the United States Department of Agriculture,<br><br>      Defendants,<br><br>    and<br><br>Richard Rust; Philip Rust; and Henry Rust;<br><br>      Intervenors. | C.A. No. 8:09-cv-02665-JMC<br><br><br><br>**OPINION AND ORDER** |

1

This matter is currently before the court on Plaintiffs American Whitewater, American Canoe Association, Georgia Canoeing Association, Atlanta Whitewater Club, Foothills Paddling Club, Western Carolina Paddlers, Joseph C. Stubbs, Kenneth L. Strickland, and Bruce A. Hare's (collectively "Plaintiffs") Motion to Dismiss [Doc. 124] and Defendants Thomas Tidwell, the United States Forest Service, Elizabeth Agpaoa, Monica J. Schwalbach, Marisue Hilliard, George M. Bain, Thomas Vilsack, and the United States Department of Agriculture's (collectively, "Defendants") Motion to Dismiss [Doc. 120] Intervenors Henry Rust, Philip Rust and Richard Rust's ("Intervenors") counterclaims and cross-claims. For the reasons stated herein, the court grants both motions.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs bring this action against Defendants alleging that Defendants unlawfully infringed upon Plaintiffs' right to use and enjoy the northernmost twenty-one miles of the Chattooga River (the "Chattooga") above South Carolina Highway 28 by hand-powered floating and/or boating. Intervenors sought leave to join in this action, which was granted by the Magistrate Judge on the basis that Intervenors might contribute to the court's further understanding of the issues raised by Plaintiffs' claims against the Defendants. After this court denied Defendants' and Intervenors' Motions to Dismiss [Docs. 44 and 69], Plaintiffs filed an Amended Complaint [Doc. 103] alleging, in part, that Defendants unlawfully failed to study and properly manage the 1.7 mile section of the river which flows through the Intervenors' property. *See* [Doc. 103, ¶¶ 174-84]. Intervenors answered the Amended Complaint and filed a counterclaim against Plaintiffs and a cross-claim against Defendants seeking a declaration that the portion of the Chattooga flowing through Intervenors' property is non-navigable in fact and law. Plaintiffs filed their Motion to Dismiss the

counterclaims against them pursuant to Rule 12(b)(1) for lack of jurisdiction and Rule 12(6)(6) for failure to state a claim. Defendants filed their Motion to Dismiss the cross-claims against them on the basis of lack of jurisdiction.

## DISCUSSION

### I.     Lack of Jurisdiction

Plaintiffs and Defendants move to dismiss Intervenors' claims on the grounds that the court lacks jurisdiction to hear the matter. Specifically, each contends that there is no case or controversy as to the navigability of the portion of the Chattooga flowing through Intervenors' property. Defendants further contend that the matter of navigability is not ripe for this court's consideration.

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac Railroad Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (internal citations omitted). The court should consider the allegations contained in the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.* In determining whether jurisdiction exists, the court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* The moving party should prevail only if there is no dispute of material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Id.*

The court's exercise of its power of judicial review rests upon Article III of the Constitution and depends on the existence of a case or controversy. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). Ripeness is a "subset[] of Article III's command that the courts resolve disputes, rather than

emit random advice." *Bryant v. Cheney*, 924 F.2d 525, 529 (4th Cir. 1991). The ripeness doctrine is intended "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580 (1985). In determining whether a case is ripe for review, the court must balance "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Retail Indus. Leaders Ass'n v. Fielder*, 475 F.3d 180, 188 (4th Cir. 2007). A case is ripe for judicial decision where the issues are purely legal in nature, relate to an action which is final, and is not dependent on future uncertainties or contingencies. *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006). "The burden of proving ripeness falls on the party bringing suit." *Id*.

Intervenors contend that there is currently a justiciable case or controversy before the court. The primary basis for this assertion is that Plaintiffs have previously indicated that they believe the portion of the Chattooga flowing through Intervenors' property is navigable and, therefore must be excluded from any ban on floating which is put in place by Defendants. Intervenors further argue that the court has recognized that Plaintiff and Intervenors dispute the navigability of this portion of the river. However, Intervenors fail to acknowledge or recognize that the breadth of the claims Plaintiffs have made previously in this litigation were narrowed by the Amended Complaint. While it is true that Plaintiffs originally raised issues regarding the navigability of the portion of the river flowing through Intervenors' property in their Complaint and in prior arguments to the court, Plaintiffs' Amended Complaint focuses the scope of the dispute to concern only Defendants' actions in excluding this portion of the Chattooga from any management decisions. Instead of disputing the navigability of the riverbed flowing through Intervenors' property, Plaintiffs now appear to have narrowed their request in this part of the Amended Complaint to seek the court's review only for

4

Defendants failure to conduct any investigation or exercise any management regarding this portion of the river on the grounds that such failure was the result of arbitrary and capricious conduct, an abuse of discretion, and not in accordance with laws and regulations. *Compare* [Doc. 1 ¶¶ 296-304] *with* [Doc. 103, ¶¶ 174-85].

Because Plaintiffs are not disputing the navigability of the riverbed flowing through Intervenors' property at this time and have further acknowledged that it is their intent to encourage their members to observe and adhere to any relevant state or federal laws while floating on the Chattooga, the issue is merely secondary and contingent to the resolution of Plaintiffs' claims against Defendants. As Plaintiffs note, the necessity for any adjudication of the issues raised by Intervenors would not arise unless and until Defendants remove the ban on floating this portion of the river or this court determines that any such ban is contrary to the law. Even then, this matter may still be premature for adjudication if there is no imminent threat of boaters actually floating in this portion of the river.

For these reasons, the court finds that Intervenors' claims amount to little more than abstract disagreements which are not ripe for judicial review. Therefore, Intervenors' counterclaims and cross-claims are dismissed without prejudice to their rights to bring a separate claim against the appropriate parties upon the lifting of the ban, voluntarily or otherwise, on floating in the portion of the river flowing through their property.

**II.     Failure to State a Claim**

Plaintiffs also argue that Intervenors' counterclaims and cross-claims should be dismissed for failure to state a claim.

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice ... of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendant's liability ... stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955) (internal quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir.1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of

truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

In this case, Intervenors have not identified any constitutional, statutory, common law, or other basis for the relief they seek. Specifically, Intervenors seek an award of attorney's fees, but do not allege that such fees are available by contract or statute. Intervenors further request a declaration of rights, but do not indicate whether such declaration is sought pursuant to state or federal law. Finally, Intervenors ask the court to award injunctive relief, but do not make any allegations to support the elements required to be shown to obtain injunctive relief. Therefore, the court finds that Intervenors have failed to state a claim upon which relief may be granted and dismisses Intervenors' counterclaims and cross-claims on these additional grounds.[1]

---

[1] Although the parties did not specifically raise this matter in their filings, the court further determines that Intervenors' counterclaims and cross-claims should be dismissed for failure to join a necessary or indispensable party. *See* 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1609 (3d ed. 2001) (noting that the trial court may take notice of the nonjoinder of an indispensable party *sua sponte*). Rule 19(a) provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). If joinder of a "necessary" party is not feasible, the court must determine whether the party is indispensable to the action or whether the action may continue in the party's absence. In reaching this second determination, the court must consider several factors, including whether a judgment rendered in the party's absence would be prejudicial, the extent to which prejudice can be lessened or avoided by shaping relief, whether a judgment rendered in the party's absence would be adequate, and whether the plaintiff will have an adequate remedy if the action is

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Dismiss [Doc. 124] and Defendants' Motion to Dismiss [Doc. 120] are **GRANTED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
February 22, 2012

---

dismissed. Fed. R. Civ. P. 19(b).

    Intervenors indicate in their pleading that the United States Army Corp of Engineers and the United States Coast Guard have made certain determinations regarding the navigability of the Chattooga which may be relevant to any determination of the issue by this court. *See* [Doc. 117, ¶¶ 7-9]. To the extent that the United States Army Corp of Engineers and the United States Coast Guard have made such determinations, they have an interest which may be impaired by the court's declaration on the matter of navigability. Accordingly, the court finds that Intervenors' counterclaims and cross-claims should be dismissed on the alternative grounds of failure to join necessary or indispensable parties.